National Iron & Steel Company, Appellant, v. Robert W. Hunt et al., trading as Robert W. Hunt & Company, Appellees.

Gen. No. 20,760.

1. NEGLIGENCE, § 20*—*liability in absence of privity of contract.* Where a person undertakes to do an act or discharge a duty, by which the conduct of another may be properly regulated and governed, the performance must be made in such a manner that those who are rightfully led to a course of conduct or action in reliance upon the proper performance of such duty will not suffer loss or injury by reason of its negligent performance, and in the event of loss, recovery may be had although no privity of contract is established.

2. NEGLIGENCE, § 20*—*right to recover for negligent examination made at instance of another.* Where plaintiff purchased certain material in reliance upon a certificate of test and examination made by defendants, who were experts in that line, which certificates were generally recognized throughout the trade as fixing the character and value of the materials covered, it was *held* that plaintiff was entitled to recover for the negligence of the defendants in making such examination and test, although made at the instance of the vendor of the materials, and there was no privity of contract between plaintiff and defendants.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 29, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN T. EVANS, for appellant.

GOODRICH, VINCENT & BRADLEY, for appellees; WARREN NICHOLS, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

In this action plaintiff seeks to recover for damages claimed to have been sustained because of the negligence of the defendants. To the declaration, amended, a general demurrer was filed and sustained and judgment *nihil capiat* entered, from which plaintiff has appealed.

In the first count of the declaration, which technically is the second amended declaration, it is alleged substantially that plaintiff is a corporation engaged in the general contracting business in the State of Texas, dealing in steel rails and material of like kind and character; that on or about May 20, 1913, it purchased from H. M. Foster Company, a corporation engaged in a like business at Baltimore, Maryland, and elsewhere, a quantity of such materials dealt in by said Foster Company, and that such property so purchased by plaintiff was to be first class in kind and quality, and to be such as had been or would be inspected, examined, passed, approved and certified as first class in kind and quality by the defendants herein, acting in their said capacity as experts. It is alleged that defendants had been for several years prior to that time and are now engaged as experts in the business or profession of inspecting, examining, testing and passing upon the character, kind and quality of steel rails and material of like kind; that they maintained during all of said time offices in Chicago, New York and elsewhere, and employed a large number of inspectors and other employees in and about said business; that they held themselves out to the public and to the plaintiff

National Iron & Steel Co. v. Hunt, 192 Ill. App. 215.

as experts in said line of work, profession or business; that such inspection, examination and testing were made for the use and benefit and at the request of users, traders and dealers in such materials, for a regular adequate consideration, and that the defendants, upon the completion of such testing, etc., issued or caused to be issued their certificates, classifying such materials so inspected, specifying the character, quality and class of the same, and that such certificates intended to pass and did pass with the sale of such materials, and that the value of such services was principally represented by such certificates, and that such materials so examined and certified by the defendants were sold and traded in upon the representation as to kind and quality as specified in such certificates, such certificates being issued for the purpose of fixing the class and character of such materials so inspected, etc., and the value of the same; that such inspection, etc., were made in such manner as the defendants from time to time should determine, without any special instructions or supervision by the parties for whose use or benefit such services were being performed, and that during all of such time of inspection the materials were under the control of defendants; that by reason thereof it became and was then and there the duty of the defendants to exercise a reasonable degree of care and skill in inspecting, examining, etc., steel rails, etc., as submitted to them in their said capacity for inspection and examination, in order to protect the public and the plaintiff, who might rely upon said inspection in the purchase or use of steel rails, etc., so inspected or examined by the defendants; yet said defendants did not well and truly perform their duty as such experts in examining and passing upon and classifying and certifying to the class of steel rails, bars or flanges offered to them for examination in their said capacity as experts during the times herein set out, but on the

contrary wholly failed to perform said duty which defendants owed to the public and the plaintiff in the manner following, to wit: The steel rails and other property purchased by plaintiff from the Foster Company were, at the time of such purchase, located in or near the city of New York, and the defendants, as experts, examined, inspected, passed and approved as first class in kind and quality the said property; that said inspection was made shortly before or shortly after the purchase and sale, as heretofore stated; that upon the completion of such examination the defendants issued their certificates in regular form, classifying all of the property so covered by said purchase and sale as first class in kind and quality, and delivered such certificates to the Foster Company, which certificates were thereafter tendered and delivered to the plaintiff herein upon the consummation of such purchase and sale; that the Foster Company was dealing in such materials for the purpose of reselling the same to the plaintiff or other parties, all of which was known to the defendants at the time of such inspection and examination, or by the exercise of due care should have been known; that plaintiff, relying upon such examination and the certificates issued, consummated the purchase of the property, paying therefor the sum of $11,000, a fair, reasonable cash value of said property, but which at the time of such purchase was not worth to exceed the sum of $3,000; that by reason of the failure of the defendants herein to exercise a reasonable degree of skill and care, as it was their duty to do, the defendants classified as and certified that such property was first class, when in fact it was not, being defective in many particulars, all of which should have been known to the defendants by the exercise of reasonable care, whereby plaintiff has suffered damages.

The second count is similar to the first, with the additional allegation that the defendants were the agents

of the Foster Company, but in view of the opinion we have reached we do not deem it necessary to discuss this second count.

The question for our determination is, in brief, are defendants liable to plaintiff under the facts above alleged? The novelty and difficulty of the inquiry may be conceded, but this court has concluded that there is a liability legally deducible from the facts stated, and that the general demurrer should have been overruled. It is apparent that there is no privity of contract between plaintiff and defendants, and were there no exception to the general rule that where there is no privity there is no duty, there would of course be no breach with ensuing liability. But there is an exception to this general rule, which seems to be this, that where a person undertakes to do an act or discharge a duty by which the conduct of another may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of his negligence. Substantially this language is found in Wharton on Negligence, (2nd Ed.) p. 365, where it appears as a quotation from the opinion in *Sweeny v. Old Colony & N. R. Co.,* 10 Allen (Mass.) 368. The same statement was adopted by Mr. Justice Hoar in his opinion in *Coombs v. New Bedford Cordage Co.,* 102 Mass. 572. We find this same principle applied in a great number of cases, of which there seems to be a complete compilation in the opinion in *O'Brien v. American Bridge Co.,* 110 Minn. 364. In most, if not all, of these cases, however, it appears that by the negligent discharge of such duty persons using the instrumentality in question would necessarily be exposed to risk and danger; and it was said in *Moon v. Northern Pac. R. Co.,* 46 Minn. 106: "One may owe two

distinct duties in respect to the same thing,—one of a special character to one person, growing out of special relations to him; and another, of a general character, to those who would necessarily be exposed to risk and danger from the negligent discharge of such duty." In a large number of cases there have been recoveries for personal injuries caused through the negligent discharge of such a duty, and, by analogy, it would seem that under the same circumstances one suffering injury to his property should also be entitled to damages.

In volume 39, English Chancery Division, page 39, we find reported the case of *Cann v. Willson,* in which the principle above stated was applied to facts which are more like the facts set forth in the present declaration than any appearing in any other reported case we have seen. One Spark applied to Cann & Son, plaintiffs, for a loan on real estate security. Plaintiffs required a valuation of the property. Spark employed defendant, Willson, to make this valuation, who, after inspection, gave a written opinion as to the value to Spark. Spark gave the opinion to plaintiffs, and upon the strength of this the loan was made. Subsequently Spark defaulted, and the property proving insufficient to answer the mortgage, plaintiffs brought suit against Willson for damages, alleging that he had not used due skill and care in making the valuation, although knowing it was to be used as the basis of a loan. Willson in defense alleged, *inter alia,* that he was not employed by plaintiffs and owed them no duty. The Court, in holding defendant liable, in its opinion said that defendant was under an obligation to plaintiffs apart from any question of contract, and further that "when a man makes an untrue statement with an intention that it shall be acted upon without any reasonable ground for believing that statement to be true, he makes default in a duty which was thrown upon

him from the position he has taken upon himself.''
And further, with reference to the particular facts in
the case, the Court said, substantially, that the defend-
ant knowingly placed himself in that position, and in
point of law incurred a duty towards the plaintiffs to
use reasonable care in the preparation of the docu-
ment called a valuation.

Such statements seem to be in accord with the law,
but the difficulty arises in the application of them to
a new state of facts. Defendants in the instant case
were engaged in the business of expert inspection and
testing of steel rails and similar materials, with offices
in various cities. They invited the public to use, and
offered for compensation, their skilled, expert services
in this respect. Their certificates of inspection passed
with sales and fixed the class and character of such
materials. Plaintiff relied upon such certificates in
making the particular purchase in question, which was
known to defendants. We should surmise that the
very purpose of such certificates when once issued
would be to expedite sales by relieving dealers of the
necessity of other inspection or tests. In these highly
specialized times there must be many lines of business
in which traders and dealers in commodities do not do
their own inspecting and testing, but avail themselves
of experts with the training and experience of those
engaged exclusively in such expert services. It can
hardly be contemplated that the results of such serv-
ices are solely for the use of the first party employing
them, but rather they are also for the assurance of the
purchaser who buys, relying upon the certificates of
inspection accompanying the purchase. Such certifi-
cates imply the exercise of proper care and skill in the
examination and tests. We see no reason in justice
why, under such circumstances, there should not be a
duty owing from such experts to such a purchaser to
exercise reasonable care in performing the services

which are offered for the benefit both of the seller and the buyer.

Our opinion being as above indicated, we hold that the defendants in this case may be called upon to respond in damages, that the declaration has stated a good cause of action, and that it was error to sustain the demurrer thereto. The judgment will therefore be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*